IN THE UNITED STATES DISTRICT COURTS
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

JOHN OSBORNE CRANDELL, III

    **Plaintiff,**

v.                                                         Civil Action No.: 2:18-CV-87
                                                             JUDGE ALOI

HARDY COUNTY RURAL DEVELOPMENT
AUTHORITY,

    **Defendant.**

## ORDER

On March 29, 2019, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint. (ECF Nos. 58, 59). The Amended Complaint was filed on January 9, 2019. (ECF No. 56). On May 10, 2019, the undersigned granted in part and denied in part Defendant's Motion, stating that the undersigned believed Defendant to be making a breach of contract claim. Specifically, the undersigned cited Plaintiff's allegations that 1) he contracted for the sale of the property which included Covenants and Restrictions on the property, 2) the "board of director approved action to engage in forced repurchase of plaintiff property in Wardensville Industrial Park for the 2004 undeveloped land purchase value," 3) Defendant's claim that he executed the construction of the purchase of the building which was completed within the time allowed, 4) Plaintiff's allegation that Defendant then changed the reason behind the purchase of the forced resale, and 5) Plaintiff pled an amount in controversy of $126,900, which is "equivalent to the ownership rights of the property" and sought relief for the "conversion of rights of property." The undersigned interpreted and liberally construed these allegations ***only*** as a breach of contract claim for the forced resale of Plaintiff's property.

On July 5, 2019, Defendant filed a second Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 78). Defendant argued that Plaintiff failed breach of contract claim because Plaintiff failed to allege an injury because Plaintiff still owns his property and is no longer subject to that Covenant and Restriction. Furthermore, Defendant argued that because Plaintiff's breach of contract claim cannot withstand a motion to dismiss, the West Virginia Freedom of Information Act claim cannot stand alone in federal court for it does not meet the 28 U.S.C. § 1331 or § 1332 statutory requirements.

In his Reply, Plaintiff argued that:

> In the Second MtD, the defendant relies heavily on a directed attention toward clause 8 of the Covenants and Restrictions, and attempts to project this as the unique and pivotal basis for the courts determination that the plaintiff had adequately presented plausibility of a violation of contract in **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS TO DISMISS.**
> In contrast, while the undersigned finds the court appropriately cites the defendants attempts at forced repurchase based on clause 8 as historical fact presented, nowhere does the court imply that it understands this to be the sole basis for its finding of plausibility of contract violation, and there is abundant language suggesting that court recognized that the plaintiff's claims for breach of contract damages may also be based in the more fundamental definitions and intent of the Covenants and Restrictions . . . .

ECF No. 86, at 4.

The undersigned did not leave this breach of contract claim open to allow any breach of contract claim that Plaintiff mentions in subsequent filings. The undersigned interpreted the claim as a breach of contract claim for the alleged sale of Plaintiff's land. Plaintiff's most recent filing, *Plaintiff's Response to Hardy County Rural Development Authority's Second Motion to Dismiss the Plaintiff's First Amended Complaint for a Civil Case*, ECF No. 86, suggests there may be a variety of other claims that have not been plead in the Amended Complaint. After review of the

Amended Complaint and Plaintiff's many filings, the undersigned, and presumably Defendant, is unsure as to what Plaintiff's claims are and how many there are.

Accordingly, the undersigned **ORDERS** Plaintiff to file a Second Amended Complaint, pursuant to Rule 15(a)(2), within **14 days of receipt of this Order**. The undersigned further **ORDERS** Plaintiff adequately plead <u>all</u> of his claims in his Second Amended Complaint, in accordance with the pleading standards required. If Plaintiff re-pleads any claims that have already been dismissed in the previous motion to dismiss, these claims will be immediately dismissed. **Failure to comply with this Order can lead to dismissal of Plaintiff's case.**

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

Date: August 12, 2019

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE