IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

| | |
|---|---|
| JOHN OSBORNE CRANDELL III., <br><br> **Plaintiff,** <br><br> v. <br><br> HARDY COUNTY DEVELOPMENT AUTHORITY, <br><br> **Defendant.** | CIVIL ACTION NO. 2:18-CV-87 <br> (JUDGE ALOI) |

## ORDER DENYING PLAINTIFF'S MOTION FOR JOINDER

This matter is before the undersigned pursuant to an Order of Case Referral (ECF No. 13) in conjunction with a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (ECF No. 27). On February 1, 2020, Plaintiff John Osborne Crandell, III, filed a Motion for Joinder (ECF No. 120). Defendant filed a Response (ECF No. 129) in Opposition to Plaintiff's Motion for Joinder on February 18, 2020. This matter has been fully briefed. Accordingly, for the reasons stated herein, Plaintiff's Motion for Joinder (ECF No. 120) is **DENIED**.

### I.   CONTENTIONS OF THE PARTIES

**A. Plaintiff's Motion for Joinder**

Plaintiff's Motion for Joinder (ECF No. 120) requests the Court join "individuals Mallie S. Combs and Harold K. Michael as additional defendants in the instant case pursuant to Fed. Rules of Civ. Proc. § 20." (ECF No. 120 at 1). Plaintiff contends that recent "evidence and actions by the defendant in discovery now establish a high degree of plausibility that the court may find the relief sought" is "most appropriately apportioned between the current sole defendant, Hardy County Rural Development Authority (HCRDA) and additional individual

1

defendants named herewith." Id. Plaintiff contends that "the minutes of the HCRDA evidence that the HCRDA board of directors was significantly mislead by at least one of these individuals in a manner that affected the HCRDA's actions regarding subsequent sales and land use authorizations" which "violated the contract of Covenants and Restrictions in a manner harmful to the plaintiff's property value." Id. at 2.

Specifically, Plaintiff alleges that the "pattern for the extending series of actions that precipitated in harmful violations of the plaintiff's Covenants and Restrictions is evidenced to have occurred in a non-quorum meeting on August 25, 1998 recorded within the minutes HCRDA in which only two individuals are named as present (Exhibit 22)." (ECF No. 122 at 4; ECF No. 122-2). The two individuals named as present are the individuals Plaintiff requests to join as defendants herein. Id. Plaintiff alleges that subsequent meeting minutes establish a "pattern of behavior of approval of minutes of meetings in which actions of non-compliant projects were proposed or undertaken." Id. Plaintiff, therefore, alleges it "must be considered that at least some of the EDA grant non-compliant actions that precipitated in violations of the plaintiff's Covenants and Restriction agreement and thus harms to plaintiff may have been at least partially the result of actions taken by members of HCRDA as INDIVIDUALS and not as a corporate entity." Id. at 5. Accordingly, Plaintiff requests the Court join individuals Mallie S. Combs and Harold K. Michael to this action as defendants.

**B. Defendant's Response in Opposition**

Defendant Hardy County Rural Development Authority's Response in Opposition (ECF No. 129) to Plaintiff's Motion for Joinder filed on February 18, 2020, states that Plaintiff's Motion "to join the parties must be dismissed pursuant to the doctrine of futility. . . and on the ground that Mallie S. Combs and Harold K. Michael are entitled to immunity from Plaintiff's claims." (ECF No. 129 at 1). Defendant argues that Plaintiff "has not provided a proposed

Amended Complaint to either identify the specific claims or demonstrate how the claims against Ms. Combs and Mr. Michael fit into the claims that the Court has recognized the Plaintiff has asserted against the Defendant." Id. at 1-2. Defendant argues Plaintiff's Motion for Joinder should be denied as a motion to amend because it is "futile" when analyzed under the standards of Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Id. at 2.

Defendant further argues that Plaintiff's proposed additional defendants, Mallie S. Combs and Harold Michael, "may be entitled to immunity form the Plaintiff's claims" as Ms. Combs was the Executive Director for the Hardy County Rural Development Authority, and Mr. Michael was in the House of Delegates, "at the time of the allegations set forth in the Plaintiff's Motion for Joinder." Id. at 5. Accordingly, Defendant requests the Court deny Plaintiff's Motion for Joinder.

## II.     LEGAL STANDARD

Rule 20(a) of the Federal Rules of Civil Procedure deals with permissive joinder and is the Rule under which Plaintiff seeks to join individuals Mallie S. Combs and Harold Michael to this action. Fed. R. Civ. P. 20(a) provides that persons may be joined as defendants "if there is asserted against them. . . any right of relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrence and if any question of law or fact common to all defendants will arise in the action." However, even where the conditions of Rule 20(a) are met, "a court has discretion to deny a motion for joinder in order to prevent undue delay or other prejudice to the other parties." Pennsylvania v. Local Union 542, International Union of Operating Engineers, No. 71-2698, 1979 U.S. Dist. LEXIS 11880, at *8 (E.D. Pa. June 7, 1979); *See* Williams v. Hoyt, 556 F.2d 1336 (5th Cir. 1977), cert. denied, 98 S.Ct. 1530 (1978); Seay v. McDonnell Douglas Corp., 533 F.2d 1126 (9th Cir. 1976).

### III. ANALYSIS

Here, the undersigned would note that Defendant's argument against Plaintiff's Motion for Joinder (ECF No. 120) conflate issues presented by a Motion to Amend under Federal Rule of Civil Procedure 15 and a Motion for Joinder under Rule 20 as Plaintiff has presented herein. Accordingly, the undersigned's analysis will proceed under Fed. R. Civ. P. Rule 20 as stated in Plaintiff's Motion for Joinder (ECF No. 120). However, the undersigned **FINDS** Plaintiff has not met the standard for permissive joinder under Fed. R. Civ. P. Rule 20(a).

Namely, Plaintiff has not presented sufficient facts or argument in his Motion (ECF No. 120) indicating his claims for breach of contract against Defendant Hardy County Rural Development Authority present "any right of relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrence" with the proposed additional individual defendants Mallie S. Combs and Harold K. Michael. There has been no allegation supporting a finding that Ms. Combs or Mr. Michael were parties to the contract Plaintiff has alleged Defendant breached nor has Plaintiff alleged these individuals were privy to the contract in a manner that would create the potential for liability. Plaintiff's allegations and statements regarding minutes from Defendant HCRA meetings in the 90's bares only a tangential relationship between the proposed individual defendants to be joined and the breach of contract claims Plaintiff has against Defendant HCRA.

### IV. CONCLUSION

Accordingly, Plaintiff's Motion for Joiner (ECF No. 120) is **DENIED** for the reasons set forth herein.

It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

DATED: March 9, 2020

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE